# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JAKOB WAYNE COMMADORE SMITH                         PLAINTIFF

V.                 No. 3:23-CV-00046-KGB-JTR

HIPPS, Officer,
Mississippi County Detention Center, *et al*.                  DEFENDANTS

## RECOMMENDED DISPOSITION

### I. Introduction

This Recommended Disposition has been sent to United States District Judge Kristine Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II. Screening of Claims

On February 13, 2023, Plaintiff Jakob Wayne Commadore Smith ("Smith"), a prisoner in the Mississippi County Detention Center ("MCDC"), filed a *pro se* § 1983 Complaint alleging negligence claims against Defendants Officer Hipps and Nurse Kelsey. Smith named Correctional Officer Martinez, but failed to assert any

discernable claim against him. *Doc. 2* at 4–7.

According to Smith, on May 30, 2022, he was walking to the chow hall for lunch when he slipped and fell after stepping in a "puddle of water" on the floor. *Id*. at 4. Officer Hipps told him to "be still" but then "grabbed me by my arms pulling me from the puddle." "Officer Martinez kept feeding chow." *Id*. Nurse Kelsey arrived and said to Smith, "I know you're in pain but try to remain still until paramedics arrive." *Id*. The paramedics arrived, and Smith "was placed on a stretcher with a neck cuff and transported to Osceola hospital where they did a full C/T scan resulting in a contusion, spinal, lumbar sprain." *Id*. at 4–5. Smith alleges he was prescribed two types of medication in the emergency room, but MCDC "substituted them for naproxen." *Id*. at 5. Finally, Smith alleges that he "later found out that there has been a persistent problem of leaks [at MCDC]." *Id*.

By way of relief, Smith prays that the "guilty parties be [held] responsible for any and all medical expenses I may have . . . considering the extreme [nature] of my injuries." *Id*. at 8.

Before Smith can proceed with these claims, the Court must screen his Complaint to determine if he has pled any actionable claims that state a claim for relief, and, if so, whether this Court has jurisdiction to consider them.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from

At most, Smith's allegations, liberally construed, state a claim for negligence against Defendant Hipps. Under well established case law, a state law claim of negligence against a prison guard is not actionable under § 1983. *See Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005) (noting claims of negligence, even gross negligence, are not actionable under § 1983); *see also Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain § 1983 claim); *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ("deliberate indifference includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk") (internal quotation marks omitted)).

Smith alleges no claim at all against Defendant Martinez, and, as to Nurse Kelsey, her conduct in advising Smith to "remain still until paramedics arrive" fails to provide any plausible basis for even a negligence claim against her, much less an inadequate medical care claim under § 1983.

Finally, Smith does not allege the necessary diversity of citizenship between himself and Defendant Hipps, and, even if he did, the amount of Smith's medical expenses (*if* he owes any) are below the required $75,000 federal jurisdictional

---

such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

3

amount. Thus, this Court lacks jurisdiction over Smith's thinly pled negligence claim against Defendant Hipps.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Smith's Complaint be DISMISSED, without prejudice.

2. Under the Prison Litigation Reform Act, the dismissal of this action count as a "strike." *See* 28 U.S.C. § 1915(g); *Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

DATED this 28th day of July, 2023.

                         _____
                         UNITED STATES MAGISTRATE JUDGE